NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ELIZABETH MONJE, et al., *Plaintiffs/Appellants,*

*v.*

JOHN J. COREY MD PC, et al., *Defendants/Appellees.*

No. 1 CA-CV 17-0513
FILED 8-23-2018

Appeal from the Superior Court in Maricopa County
No. CV2013-014102
The Honorable Hugh E. Hegyi, Judge

**AFFIRMED**

COUNSEL

May, Potenza, Baran & Gillespie, P.C., Phoenix
By Christopher B. Ingle, Michelle Mozdzen
*Counsel for Plaintiffs/Appellants*

Jennings, Strouss & Salmon, P.L.C., Phoenix
By John J. Egbert, Jay A. Fradkin, Anne E. McClellan
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Jennifer B. Campbell joined.

**B E E N E**, Judge:

¶1 Elizabeth and Mark Monje, individually and on behalf of their three children (collectively, "Plaintiffs"), appeal the superior court's grant of summary judgment in favor of Dr. John J. Corey and his professional corporation (collectively, "Defendants") in this medical malpractice action. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 In August 2012, Dr. Corey, a board-certified plastic surgeon, performed breast augmentation surgery on Elizabeth Monje. As a result of the surgery, Mrs. Monje suffered a brachial plexus injury.[1] Since then, Mrs. Monje has suffered "extreme pain in her right arm as well as permanently restricted range of motion," and she is unable to perform certain daily activities.

¶3 Plaintiffs filed a complaint in superior court against Defendants for medical malpractice. They simultaneously certified that expert testimony was necessary to prove standard of care and causation. *See* Ariz. Rev. Stat. ("A.R.S.") § 12-2603(A) (requiring a party to file a written statement certifying "whether or not expert opinion testimony is necessary to prove the health care professional's standard of care or liability"). Plaintiffs retained Dr. George Commons as their standard of care and causation expert. Dr. Commons prepared a preliminary expert affidavit pursuant to A.R.S. § 12-2603(B). Dr. Commons opined that "Dr. Corey probably or more likely than not was negligent in performing the augmentation procedure and this negligence probably or more likely than not caused the injury to Mrs. Monje's brachial plexus nerves."

¶4 Thereafter, Defendants deposed Dr. Commons. Based on his testimony, Defendants moved for summary judgment arguing Plaintiffs had failed to produce expert testimony "proving Dr. Corey was negligent and a proximate cause of Plaintiffs' alleged damages." The superior court granted Defendants' motion concluding, as a matter of law, that "a reasonable jury could not find breach or causation on this record."

---

[1] "The brachial plexus is the network of nerves that sends signals from your spinal cord to your shoulder, arm and hand." *Brachial Plexus Injury: Overview*, MAYO CLINIC.ORG, https://www.mayoclinic.org/diseases-conditions/brachial-plexus-injury/symptoms-causes/syc-20350235 (last visited August 6, 2018).

**¶5** Plaintiffs moved for reconsideration and to supplement their response to Defendants' motion for summary judgment to include a second affidavit by Dr. Commons. The superior court denied both motions and entered judgment in favor of Defendants. Plaintiffs timely appealed, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

### I. Denial of Motion to Supplement Record is affirmed.

**¶6** Plaintiffs argue the superior court abused its discretion by denying their motion to supplement the record with Dr. Commons' second affidavit. We review the court's ruling on a motion to supplement for an abuse of discretion. *See Larsen v. Decker*, 196 Ariz. 239, 241, ¶ 6 (App. 2000) (this court reviews evidentiary rulings for a clear abuse of discretion).

**¶7** Arizona Rule of Civil Procedure ("Rule") 56 governs summary judgment and provides for a motion, a response, and a reply. *See* Ariz. R. Civ. P. 56(a), (c)(2). Parties may file affidavits along with their accompanying statements of facts. *See* Ariz. R. Civ. P. 56(c)(5), (e). A party opposing a motion for summary judgment must "file its response *and any supporting materials* within 30 days after the motion is served." Ariz. R. Civ. P. 56(c)(2) (emphasis added).

**¶8** In responding to Defendants' motion for summary judgment, Plaintiffs relied on Dr. Commons' preliminary expert affidavit and his deposition testimony. They did not request a continuance, pursuant to Rule 56(d), to obtain additional evidence. Then, seven weeks *after* the superior court granted summary judgment in favor of Defendants, Plaintiffs moved to supplement their response with Dr. Commons' second affidavit. Their attempt was untimely, and the court did not abuse its discretion by denying their motion. *See State v. Ring*, 200 Ariz. 267, 277 n.4, ¶ 33 (2001), *rev'd on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002) ("Labeling untimely motions as supplemental does not enable a party to avoid the time restrictions imposed by procedural rules.").

### II. Summary Judgment in favor of Defendants was properly granted.

**¶9** Plaintiffs also argue the superior court erred by granting summary judgment. They contend that the court failed to view the record in the light most favorable to them and failed to resolve inferences in their favor. This court reviews the grant of summary judgment *de novo*. *See Duncan v. Scottsdale Med. Imaging, Ltd.*, 205 Ariz. 306, 308, ¶ 2 (2003). In doing so, we "view the evidence and all reasonable inferences in the light

most favorable to the party against whom summary judgment was entered." *Id.* Summary judgment should be granted "if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme School v. Reeves*, 166 Ariz. 301, 309 (1990); *see also* Ariz. R. Civ. P. 56(a) (authorizing the entry of summary judgment when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law").

¶10    To prove their medical malpractice claim, Plaintiffs must establish: 1) Dr. Corey breached the applicable standard of care; and 2) his breach proximately caused Mrs. Monje's injury. *See* A.R.S. § 12–563. Without evidence of breach and causation, Plaintiffs' claims cannot withstand summary judgment. *See Gurr v. Willcutt*, 146 Ariz. 575, 581 (App. 1985) (a plaintiff must prove both elements set forth in § 12-563 to withstand summary judgment). As a general rule, a physician or surgeon's negligence "must be established by expert medical testimony, unless the negligence is so grossly apparent that a layman would have no difficulty in recognizing it." *Falcher v. St. Luke's Hosp. Med. Ctr.*, 19 Ariz. App. 247, 252 (1973) (citation omitted). Plaintiffs retained Dr. Commons to provide expert medical testimony of breach and causation in this case.

### A.    Plaintiffs produced insufficient evidence that Defendants breached the applicable standard of care.

¶11    In a medical malpractice case, standard of care is defined as "that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which he belongs within the state acting in the same or similar circumstances." A.R.S. § 12-563(1). To withstand summary judgment, Plaintiffs had to produce evidence that Dr. Corey had breached the accepted standard of care. *See* A.R.S. § 12-563; *St. George v. Plimpton*, 241 Ariz. 163, 166, ¶ 13 (App. 2016) (affirming summary judgment where plaintiffs failed to present evidence that defendant breached the standard of care). Plaintiffs did not produce such evidence here.

¶12    At his deposition, Dr. Commons testified that, according to Dr. Corey's own report, Dr. Corey had performed the surgery within the relevant standard of care:

Defense counsel: Would it be fair to assume that in review of the operative report, it appears that Dr. Corey's surgical

4

technique was appropriate and within the standard of care of a[] transaxillary augmentation mammoplasty?

Dr. Commons:  It does.

Defense counsel:  And then you read Dr. Corey's deposition testimony about how he did the procedure.

Dr. Commons:  I did.

Defense counsel:  And do you agree his description of what he did was within the standard of care?

Dr. Commons:  I do.

Dr. Commons' testimony, that Dr. Corey's operative report described the procedure as conducted within the prescribed standard of care, did not introduce any additional evidence to contradict Dr. Corey's account as stated in his report.  Dr. Commons further testified that he was "sure" Dr. Corey was exercising due care and conceded that nerve injury can occur during breast augmentation surgery even if the surgeon is complying with the accepted standard of care.  Although Dr. Commons testified that a surgeon could breach the standard of care by failing to monitor surgical staff, he also admitted there was no evidence that Mrs. Monje's injuries resulted from actions taken by other members of the surgical team.[2]  More importantly, over the course of his deposition, Dr. Commons never identified any standard-of-care violations committed by Dr. Corey.

¶13        If the party bearing the burden of proof "cannot respond to the motion by showing that there is evidence creating a genuine issue of fact on the element in question, then the motion for summary judgment should be granted."  *Orme Sch.*, 166 Ariz. at 310.  In *Orme School*, the supreme court further explained that

> [I]t would effectively abrogate the summary judgment rule to hold that the motion should be denied simply on the speculation that some slight doubt (and few cases have complete certainty), some scintilla of evidence, or some

---

[2]        Plaintiffs did not assert an independent claim for negligent supervision against Dr. Corey.  *See St. George*, 241 Ariz. at 166, ¶ 15 (a claim for negligent supervision requires different elements of proof).

dispute over irrelevant or immaterial facts might blossom into
a real controversy in the midst of trial.

*Id.* at 311.   Here, summary judgment was warranted because Plaintiffs
failed to produce evidence from which a jury could conclude that Dr.
Corey's conduct fell below the accepted standard of care.

### B.      Plaintiffs failed to raise genuine issue regarding causation.

**¶14**          In a medical malpractice lawsuit, the plaintiff must establish
a "causal connection between an act or omission and the ultimate injury
through expert medical testimony, unless the connection is readily
apparent to the trier of fact." *Barrett v. Harris*, 207 Ariz. 374, 378, ¶ 12 (App.
2004).   To oppose summary judgment, Plaintiffs had to produce evidence
that Dr. Corey's negligence proximately caused Mrs. Monje's injury.  *See*
A.R.S. § 12-563(2); *Pompeneo v. Verde Valley Guidance Clinic, Inc.*, 226 Ariz.
412, 415, ¶ 17 (App. 2011) (affirming summary judgment where the plaintiff
had "not raised a genuine issue of material fact regarding causation that
would allow the claim to be presented to a jury").

**¶15**          Dr. Commons did not identify any specific act or omission by
Dr. Corey that caused Mrs. Monje's injury:

> Defense counsel:  So what you're saying, Dr. Commons, is
> that you can't say that Dr. Corey actually did anything
> inappropriate that led to the brachial plexus injury, and you
> can't say whether there's anything he could have done to
> prevent this within reason.  What you are saying is in your
> opinion because something happened and it was an
> unfortunate outcome for the patient, you believe he was in
> charge of that.
>
> Dr. Commons:  I think he was in charge of it.
>
> Defense counsel:  Is that true? Is the rest of that true though?
>
> Dr. Commons:  I think it's true.

**¶16**          Dr. Commons opined that the positioning or manipulation of
Mrs. Monje's arm during surgery caused her injuries, but he stated that
"narrowing it" to when it happened "and specifics is pretty tough."   He
offered no evidence that Dr. Corey positioned or manipulated her arm, and
he offered no evidence that other members of the surgical staff acted

negligently in doing so.  In short, Dr. Commons could not point to any specific act or omission by Dr. Corey that caused Mrs. Monje's injuries.

¶17　　　　In the absence of expert testimony establishing a genuine issue regarding causation, the superior court properly granted summary judgment in favor of Defendants.

## CONCLUSION

¶18　　　　For the foregoing reasons, we conclude that Plaintiffs provided insufficient evidence of breach and causation to withstand Defendants' motion for summary judgment.  Accordingly, we affirm the decision of the superior court.  We award costs to Defendants upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA

7